UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 20-22-DLB

KOREY D. COWARD                                                                      PETITIONER

v.                      **MEMORANDUM OPINION AND ORDER**

WARDEN NAPIER                                                          RESPONDENT

*** *** *** ***

Federal inmate Korey D. Coward filed a Petition for a Writ of Habeas Corpus (Doc. # 1) pursuant to 28 U.S.C. § 2241, in which he contends that his conviction under 18 U.S.C. § 922(g) is invalid in light of the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *See* (Doc. # 1 at 5). This Petition is now before the Court for initial review.[1]

In July 2017, Coward was charged in the Middle District of Tennessee under § 922(g)(3) with possessing two firearms while unlawfully using controlled substances. *United States v. Coward*, No. 3:17-CR-00141 (M.D. Tenn. 2017) (Doc. # 1 therein). Coward pled guilty to this charge, *see id*. (Doc. # 13 therein), and received a 33-month

---

[1] The Court must dismiss the § 2241 Petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 habeas corpus petitions pursuant to Rule 1(b)). The Court evaluates Coward's Petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (citations omitted) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward construing a petition to "encompass any allegation stating federal relief").

sentence, *see id*. (Doc. # 39 therein). In his Petition before this Court, Coward contends that his conviction under § 922(g)(3) is invalid under *Rehaif* "[b]ecause Petitioner was not aware that he was barred from possessing firearms at the time of his firearm possession." (Doc. # 1-1 at 2).

Having thoroughly reviewed the Petition, the Court concludes that it must be denied. Generally, a federal prisoner may challenge the way his sentence is executed under § 2241, whereas prisoners may use petitions under 28 U.S.C. § 2255 to challenge sentences that violate the Constitution or laws of the United States. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A narrow exception to this rule, the savings clause, permits a petitioner to challenge his conviction in a § 2241 petition, but only if he claims "actual innocence" of committing the underlying criminal offense. *Bannerman v. Snyder*, 325 F.3d 722, 723–24 (6th Cir. 2003). He can make this showing where, after his conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012).

For purposes of discussion, the Court assumes without deciding that a claim under *Rehaif* may be asserted in a § 2241 petition. *Rehaif* declared that for a charge under § 922(g), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. That decision, however, does not help Coward for two reasons. First, a "plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a

lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). Therefore, pleading guilty to an offense under § 922(g) is an admission to all the elements required under that statute, and the government need not prove a defendant had knowledge that he was barred from possessing a firearm. *See Robards v. Streeval*, No. 19-5840 (6th Cir. Jan. 30, 2020) (citing *Broce*, 488 U.S. at 569; *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)) ("Robards's reliance on *Rehaif* is unavailing because his guilty plea constituted an admission of all the elements of his § 922(g) offense."). As Coward pled guilty to this offense, the government did not need to prove he knew he was prohibited from possessing a firearm. *See id*.

Second, Coward's claim is substantively without merit. In *Rehaif*, the Supreme Court is clear that the government must prove that the defendant knew his "relevant status," *Rehaif*, 139 S. Ct. at 2194, in this case meaning that Coward knew he was illegally using drugs, not that he knew that he could not possess firearms as a result. The Sixth Circuit has expressly so held in this factual context. In the context of convictions under § 922(g)(3), the government would need to prove that the defendant was unlawfully using a controlled substance. *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). The government need not go as far as to prove that defendants knew that those who unlawfully used controlled substances were barred from possessing firearms. *Id*. Requiring as much would go beyond the ruling in *Rehaif*. *Id*. Because Coward necessarily admitted through his guilty plea that he possessed a firearm and was aware that he was an unlawful user of drugs, and because *Rehaif* does not require more, his petition fails to state a viable claim for relief. *See id*.

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Coward's Petition for a Writ of Habeas Corpus (Doc. # 1) is **DENIED**; and

(2) This action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 5th day of February, 2020.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\PSLO Orders\20-22 Initial Review Dismissing 2241.docx